UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. CR07-0187-MJP |
| ) | |
| v. ) | |
| ) | DETENTION ORDER |
| ROBERT SOLOWAY, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Offenses charged:

    Counts 1 - 10:  Mail Fraud in violation of 18 U.S.C. § 1341.

    Counts 11 - 15:  Wire Fraud in violation of 18 U.S.C. § 1343.

    Counts 16 - 17:  Fraud in Connection with Electronic Mail in violation of 18 U.S.C. §§ 1037(a)(2) and (b)(1)(A).

    Counts 18 - 22:  Aggravated Identity Theft in violation of 18 U.S.C. § 1028A(a)(1).

    Counts 23 - 25:  Money Laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i).

Date of Detention Hearing:   June 13, 2007.

    The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds the following:

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

    (1)   Defendant has dual United States-Sweden citizenship.  In the past, the defendant has boasted that the legal process will not affect him, stating that "I'm a Non-US

citizen."

(2) Defendant has family in Sweden.

(3) Although Defendant has lived in the Seattle area for approximately three years, he has no real or determinable ties to the Western District of Washington. He has no employment other than his personally-owned internet company, and it appears that he can operate that business in any geographic area.

(4) The grand jury has found that there is a probable cause to believe that the defendant has engaged in aggravated identify theft and sophisticated crimes involving use of a computer and electronic mail. It is apparent that defendant is quite experienced and adept in the use of computers. The creation of new identities and travel documents would be relatively simple task for the defendant.

(5) The defendant has demonstrated an unwillingness or inability to comply with Court orders. In *Braver v. Newport Internet Marketing Corp., et al,* CV 5:05-210T (W.D. Okla. 2005), a permanent injunction was entered against the defendant enjoining him from: (1) initiating the transmission of a commercial electronic mail message, to any computer involved in interstate commerce or communication, or a transactional or relationship message, that contains, or is accompanied by, header information that is materially false or misleading; and (2) relaying or retransmitting a commercial electronic mail message that is unlawful under 15 U.S.C. §7704(a) from a protected computer or network accessed without authorization. Defendant was fully aware of the ordered injunction, yet engaged in the activities that are the subject of the pending criminal indictment. This is significant evidence demonstrating that he is unlikely to comply with conditions of pretrial supervision.

(6) The process server in the *Braver* litigation attempted to obtain service not less than 15 times. The court ultimately allowed process by mail. The defendant subsequently appeared in the litigation. However, even with knowledge of the injunction, he continued the activities that are the subject of the pending indictment.

(7) Defendant has not been candid about his financial assets. It appears that he has been involved in establishing off-shore accounts, placing funds in others names, and in setting up electronic accounts for later access.

(8) Evidence has been proffered that defendant has attempted to threaten those who have filed complaints against him. Because a party to a lawsuit is able to aggressively defend himself, the Court makes no specific findings regarding witness intimidation. Nevertheless, the crimes for which defendant has been indicted can easily be repeated from abroad, and these crimes have no geographical boundaries. Retribution that the defendant has previously shown against those who have complained can just as easily be handled through the internet from abroad.

(9) There appear to be no conditions or combination of conditions other than detention that will reasonably address the risk of flight and danger to other persons or to this community.

IT IS THEREFORE ORDERED:

(1) Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The Clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United

01       States Pretrial Services Officer.

02       DATED this 13th day of June, 2007.

                                          /s/ James P. Donohue
                                          _____
                                          JAMES P. DONOHUE
                                          United States Magistrate Judge

DETENTION ORDER                                                    15.13
18 U.S.C. § 3142(i)                                             Rev. 1/91
PAGE 4