UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>ROBERT ALAN SOLOWAY,<br><br>    Defendant. | NO. CR07-187MJP<br><br>ORDER ON PENDING MOTIONS |

This matter comes before the Court on several pending motions related to Defendant's request to seal search warrant applications and returns. (Dkt. Nos. 18, 21, 23, and 27.) Having reviewed the materials submitted by the parties, the Court ORDERS as follows:

(1) The Court GRANTS Defendant's motion to reconsider the Court's August 23, 2007 minute order (Dkt. No. 27). On reconsideration, the Court finds that the requirements of Local Criminal Rule 53(d) should not apply to Defendant's pending motion to seal.

(2) The Court GRANTS Defendant's motion to seal search warrant applications and returns and to seal his memorandum in support of the motion. (Dkt. No. 18.) The Clerk shall maintain search warrant materials in case numbers MJ07-303 and MJ07-331 under seal. The Clerk shall also maintain Docket No. 19 in this matter under seal.

(3) The Court GRANTS the Government's motion to seal its response to Defendant's motion to seal. (Dkt. No. 21). The Clerk shall maintain Docket No. 22 under seal.

ORDER - 1

1  (4) The Court GRANTS Defendant's motion to seal his reply brief on his motion to seal.
2  (Dkt. No. 23.) The Clerk shall maintain Docket No. 24 under seal.

3  The reasons for the Court's order are stated below.

### Background

Mr. Soloway was indicted on May 23, 2007 on charges of mail fraud, wire fraud, fraud in connection with electronic mail, aggravated identity theft, and money laundering. The same day, the Government obtained a warrant to search Mr. Soloway's computer for evidence of the charges returned in the indictment. In June, while searching Mr. Soloway's computer for evidence within the scope of the May 23rd warrant, the Government discovered materials that led them to seek supplemental search warrants to search for evidence of additional types of crimes not charged in the indictment. The Government obtained two additional warrants to expand the scope of its search, which were issued under case numbers MJ07-303 and MJ07-331.

Mr. Soloway argues that the search warrant materials in MJ07-303 and MJ03-331, including the applications and returns, should remain under seal. Mr. Soloway notes that he has not been indicted on charges related to the subject matter of those warrants and that the Government's investigations as to such matters are apparently still ongoing. The Government opposes the motion, arguing that the public has a presumptive right to access to these materials.

After reviewing the parties' briefing, the Court issued a minute order indicating that it appeared that Mr. Soloway had not complied with the requirements of Local Civil Rule 53(d), which requires advance notice to the media of "any motion for an order affecting the news media's right to full pretrial coverage of pending or impending criminal proceedings." A 1989 decision of this Court, which both sides cited in their briefing, suggested that Local Civil Rule 53(d) may be applicable to Defendant's motion to seal. See In re Search Warrant for Northwest Enviroservices, Inc., 736 F. Supp. 238 (W.D. Wash. 1989) Defendant has moved to reconsider the Court's August 23, 2007 minute order, arguing that Local Civil Rule 53(d) should not apply to his motion to seal. The

ORDER - 2

Government's response to the motion for reconsideration does not respond directly to the points raised by Defendant, but instead refers the Court to the Government's earlier briefs on the motion to seal.

**Analysis**

1. <u>Applicability of Local Criminal Rule 53(d)</u>

On reconsideration, the Court agrees with Defendant that Local Criminal Rule 53(d) should not apply to his motion to seal. As discussed below, the public does not have a right of access to pre-indictment search warrant materials while an investigation is ongoing. Under these circumstances, the Court finds that the requirements of Local Criminal Rule 53(d) should not apply. The Court therefore grants Defendant's motion for reconsideration and vacates its August 23, 2007 minute order.

2. <u>Public's Right of Access to Search Warrant Materials</u>

In <u>Times Mirror Co. v. United States</u>, 873 F.2d 1210, 1211 (9th Cir. 1989), the Ninth Circuit held that "members of the public have no right of access to search warrant materials while a pre-indictment investigation is under way."[1] The court held that "the experience of history implies a judgment that warrant proceedings and materials should not be accessible to the public, at least while a pre-indictment investigation is still ongoing." <u>Id.</u> at 1214. Among other things, the court noted:

> Persons who prove to be innocent are frequently the subjects of government investigations. Like a bill of particulars, a search warrant affidavit may supply only the barest details of the government's reasons for believing that an individual may be engaging in criminal activity. Nonetheless, the issuance of a warrant – even on this minimal information – may indicate to the public that government officials have reason to believe that persons named in the search warrant have engaged in criminal activity. Moreover, persons named in the warrant papers will have no forum in which to exonerate themselves if the warrant materials are made public before indictments are returned. Thus, possible injury to privacy interests is another factor weighing against public access to warrant materials during the pre-indictment stage of an investigation.

---

[1] Neither side discussed <u>Times Mirror</u> in its briefing on Defendant's motion to seal. After the Court suggested during a telephone conference that the parties review this case, Defendant provided a discussion of <u>Times Mirror</u> in his motion for reconsideration.

ORDER - 3

1  Id. at 1216. The court concluded that "we find no First Amendment right of access to search warrant
2  proceedings and materials when an investigation is ongoing but before indictments have been
3  returned." Id. at 1218. Similarly, the court found that there was no common law right of access to
4  such materials (id. at 1218-19), and also rejected arguments that Fed. R. Crim. P. 41(g) creates a
5  statutory right of access to search warrant materials. Id. at 1214 n.5.

6  In this case, it appears that the Government is still conducting its investigation regarding the
7  subject matter of the search warrant materials that Mr. Soloway seeks to seal. In addition, Mr.
8  Soloway has not been indicted on charges related to the materials sought in the warrants. Under
9  Times Mirror, the public does not have a right of access to these materials at this time. Therefore, the
10  Court will grant Defendant's motion to maintain the search warrant materials in case numbers MJ07-
11  303 and MJ07-331 under seal. Because the parties' briefs on the motion to seal disclose facts related
12  to the search warrant materials, the Court also grants the pending motions to seal the parties' briefing.

13  It should be noted that the Times Mirror court expressly declined to determine whether the
14  public has a right of access to warrant materials where: "1) an investigation has been terminated; or 2)
15  an investigation is still ongoing, but an indictment has been returned." Id. at 1221. However, the
16  Court need not consider such questions at this time because there is no indication that the investigation
17  has been terminated, nor has an indictment been returned on charges related to the materials sought in
18  the warrant.

19  **Conclusion**

20  Under Times Mirror, the public does not have a right of access at this point in time to the
21  search warrant materials that Mr. Soloway seeks to maintain under seal. Therefore, the Court:

22  (1)   GRANTS Defendant's motion to reconsider the Court's August 23, 2007 minute order
23  (Dkt. No. 27) and vacates that minute order.

24  (2)   GRANTS Defendant's motion to seal search warrant applications and returns and to
25  seal his memorandum in support of the motion. (Dkt. No. 18.)

26  ORDER - 4

1     (3)    GRANTS the Government's motion to seal its response to Defendant's motion to seal.

2 (Dkt. No. 21) and Defendant's motion to seal his reply brief on his motion to seal.  (Dkt. No. 23.)

3     Consistent with this order, the Clerk shall maintain search warrant materials in case numbers

4 MJ07-303 and MJ07-331 under seal.  The Clerk shall maintain Docket Nos. 19, 22, and 24 in this

5 matter under seal.

6     The clerk is directed to send copies of this order to all counsel of record.

7     Date:   September 10, 2007

9     s/Marsha J. Pechman
    Marsha J. Pechman
10     United States District Judge

26 ORDER - 5